UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY KENNESON<br>and CONRAD MEMBRINO | :<br>:<br>: |
| VS. | :  CIVIL ACTION NO. |
| MATTHEW P. VACCARELLI,<br>JAMES O'SULLIVAN,<br>SHAELYN BARONE,<br>DONALD ROBINSON and<br>JOSEPH D'AMATO | :<br>:<br>:<br>:<br>:  SEPTEMBER 28, 2020 |

## COMPLAINT

### GENERAL ALLEGATIONS

1. This is an action to redress the deprivation of rights secured to the plaintiffs by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

### COUNT ONE

3. The plaintiff Kimberly Kenneson is an adult resident of Waterbury.

1

She is a Private Investigator licensed by the State of Connecticut.

4. The defendant Matthew P. Vaccarelli is the Judge of the Connecticut Probate Court in Waterbury.

5. The defendant James O'Sullivan is an attorney employed on the staff of the Probate Court in Waterbury. The defendant Shaelyn Barone is a non-lawyer also employed on the staff of the Probate Court in Waterbury.

6. The defendants Donald Robinson and Joseph D'Amato are officers in the Waterbury Police Department.

7. All of the defendants are sued only in their individual capacities.

8. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

9. On the early afternoon of July 6, 2018, the plaintiff Kimberly Kenneson visited the offices of the Waterbury Probate Court at 49 Leavenworth Street for the purpose of reviewing public files. The defendant Vaccarelli previously had invited her to a Probate seminar at which he advised her that she had a legal right to review such files in the Probate Clerk's office.

10. As the plaintiff was reviewing files in a quiet, peaceful and entirely lawful manner, the defendant O'Sullivan began shouting at her in a loud, angry and threatening tone of voice. Defendant Vaccarelli thereupon emerged from a

rear area and also began yelling and waving his hands in an angry and threatening manner. The defendant O'Sullivan thereupon approached the area where the plaintiff was standing and violently seized a public Probate file which she was reading. The defendant O'Sullivan thereupon called Waterbury police headquarters and insisted that police officers be dispatched to the court building.

11. Defendants Robinson and D'Amato arrived at the Probate Court in response to the summons of defendant O'Sullivan. The defendants Vaccarelli, O'Sullivan and Barone all falsely and maliciously accused the plaintiff of shouting and creating a disturbance in the Probate Court Clerk's office and of violating a court order by taking a photograph of a public document there. The defendant Vaccarelli specifically and expressly insisted that the plaintiff be arrested.

12. The plaintiff, who had known defendant Robinson for a long time, attempted to explain to him that she had done nothing wrong, had not raised her voice, and had only been exercising her right as a member of the public to access public court records in a court office. Robinson responded: "That's not what the Judge said." She asked both police officers to please look at the courthouse video to confirm the truth of what she was saying. Both refused to do so. Defendant Robinson told the plaintiff: "You're going up against very powerful people." He told her that she was going to be arrested because "the Judge wants you arrested."

13. The defendants Robinson and D'Amato thereupon took the plaintiff physically into custody, handcuffed her, transported her in a police "paddy wagon" to Waterbury police headquarters, and caused her there to be held in a cell, booked, and subsequently released upon signing a written promise to appear in court.

14. Defendants Robinson and D'Amato thereupon prepared, swore to and signed a "Case/Incident Report" to the prosecuting attorney in the Connecticut Superior Court at Waterbury falsely asserting that the plaintiff had in fact engaged in "tumultuous behavior which caused alarm to several parties" and had violated court directives by utilizing a cellphone to photograph court documents. The defendants knew that these allegations were false.

15. As a result, the plaintiff suffered a loss of her liberty, was required to appear in court on several occasions as an accused criminal, suffered fear of the potential loss of her state license and of retaliation by all of the defendants and their friends, and was required to engage the services of an attorney for her defense.

16. On May 20, 2019, in the Superior Court at Waterbury, the criminal prosecution of the plaintiff was dismissed. The prosecutor at that time informed the court that the only reason the plaintiff had been arrested was because defendant Vaccarelli insisted that she be arrested.

17. In the manner described above, the defendants under color of law subjected the plaintiff Kenneson to malicious prosecution in violation of rights secured to her by the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

18. In the manner described above, the defendants also subjected the plaintiff to malicious prosecution in violation of the common law of the State of Connecticut.

WHEREFORE, the plaintiff Kimberly Kenneson claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, attorney fees and costs.

## COUNT TWO

3. The plaintiff Conrad Membrino is an adult resident of Philadelphia, Pennsylvania.

4. The defendant Matthew P. Vaccarelli is the Judge of the Connecticut Probate Court in Waterbury.

5. The defendant James O'Sullivan is an attorney employed on the staff of the Probate Court in Waterbury. The defendant Shaelyn Barone is a non-lawyer also employed on the staff of the Probate Court in Waterbury.

6. The defendants Donald Robinson and Joseph D'Amato are officers in

the Waterbury Police Department.

7. All of the defendants are sued only in their individual capacities.

8. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

9. On the early afternoon of July 6, 2018, the plaintiff Conrad Membrino, accompanied by the plaintiff Kimberly Kenneson, a licensed private investigator whom he had retained, visited the offices of the Waterbury Probate Court at 49 Leavenworth Street for the purpose of reviewing public files concerning Mr. Membrino's late mother.

10. As the plaintiff was reviewing files in a quiet, peaceful and entirely lawful manner, the defendant O'Sullivan began shouting at him in loud, angry and threatening tone of voice.  Defendant Vaccarelli then emerged from a rear area and also began waiving his arms and shouting angrily.  The defendant O'Sullivan thereupon approached the area where the plaintiff was standing and violently seized a public Probate file which he was reading.  The defendant O'Sullivan thereupon called Waterbury police headquarters and insisted that police officers be dispatched to the court building.

11. Defendants Robinson and D'Amato arrived at the Probate Court in response to the summons of defendant O'Sullivan.  The defendants Vaccarelli,

O'Sullivan and Barone all falsely and maliciously accused the plaintiff of shouting and creating a disturbance in the Probate Court Clerk's office and of violating a court order by taking a photograph of a public document there. Defendant Vaccarelli specifically stated to the police: "I want him and Kim arrested."

12. The defendants Robinson and D'Amato thereupon took the plaintiff physically into custody, handcuffed him, transported him in a police "paddy wagon" to Waterbury police headquarters, and caused him there to be held in a cell, booked, and subsequently released upon the posting of bond.

13. Defendants Robinson and D'Amato thereupon prepared, swore to and signed a "Case/Incident Report" to the prosecuting attorney in the Connecticut Superior Court at Waterbury falsely asserting that the plaintiff had in fact engaged in "tumultuous behavior which caused alarm to several parties" and had violated court directives by utilizing a cellphone to photograph court documents. The defendants knew that these allegations were false.

14. As a result, the plaintiff suffered a loss of his liberty, was required to appear in court as an accused criminal, and was required to engage the services of an attorney for his defense.

15. On July 18, 2018, in the Superior Court at Waterbury, the criminal prosecution of the plaintiff was dismissed.

16. In the manner described above, the defendants under color of law

subjected the plaintiff Membrino to malicious prosecution in violation of rights secured to him by the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

17. In the manner described above, the defendants also subjected the plaintiff Membrino to malicious prosecution in violation of the common law of the State of Connecticut.

WHEREFORE, the plaintiff Conrad Membrino claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, attorney fees and costs.

THE PLAINTIFFS

BY:           /s/        John R. Williams
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
jrw@johnrwilliams.com