UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY KENNESON and CONRAD MEMBRINO,<br><br>*Plaintiffs*,<br><br>v.<br><br>MATTHEW VACCARELLI, JAMES O'SULLIVAN, SHAELYN BARON, JOSEPH D'AMATO, and DONALD ROBINSON,<br><br>*Defendants.* | Civil No. 3:20-cv-01482 (JBA)<br><br>October 17, 2022 |

**RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION, MOTIONS TO SUPPLEMENT THE RECORD, AND MOTIONS TO COMPEL**

Plaintiffs Kimberly Kenneson and Conrad Membrino seek reconsideration of this Court's order granting summary judgment [Doc. # 75] to (1) Defendants Matthew Vaccarelli, Waterbury Probate Court Judge; James O'Sullivan, Waterbury Court staff attorney; Shaelyn Barone, Waterbury Probate Court receptionist ("Probate Defendants"); and (2) Defendants Joseph D'Amato and Donald Robinson, both Waterbury police officers ("Police Defendants"). (Mot. for Recon. [Doc. # 84].) Plaintiffs have filed five motions to supplement the record on reconsideration. (Mot. to Suppl. Record [Doc. # 85, 86, 100, 103, and 106].) Plaintiffs have also filed two motions to compel the Probate Defendants to comply with subpoenas issued or applied for in the Waterbury Criminal Court to obtain further material to supplement the record. (Mot. to Compel [Doc. # 93, 94].) Probate Defendants and Police Defendants have both objected to the motions to supplement [Doc. # 90, 91, 97, 98, 109, 110] and the Probate Defendants have objected to the motions to compel [Doc. # 107, 108]. For the reasons set forth below, the motions to supplement, to compel, and to reconsider are denied.

**I.     Discussion**

    **A.     Motions to Supplement the Record**

The relevant materials to be considered on a motion for reconsideration are "controlling decisions or data that the court overlooked in the initial decision or order," D. Conn. L. Civ. R. 7(c), unless the party can show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *McGuire v. Inch*, No. 3:19-CV-1846(VLB), 2021 WL 1165278, at *2 (D. Conn. Mar. 26, 2021) (internal citations and quotations omitted). The Court will not consider "new material available to [the moving party] at the time the motion was originally decided." *Id.* at *3.

As shown by the dates of each of Plaintiffs' proposed supplemental documents, all existed and were available to them or their attorney prior to the grant of summary judgment on July 19, 2022:

- [Doc. # 85]: transcript of the June 7, 2022 oral argument on the motions for summary judgement
- [Doc. # 86]:
    - November 2021 affidavit of Conrad Membrino, of which Plaintiffs claim eight pages were omitted when filed as ECF 58;
    - dismissal of Conrad Membrino's criminal charges, dated July 18, 2018;
    - dismissal of Kimberly Kenneson's criminal charges, dated May 20, 2018
    - a motion for leave to present evidence on Plaintiff Membrino's appeal from a probate court decision, dated October 12, 2019;
    - news article titled "State Supreme Court to Consider the Quasi-Judicial Immunity of Conservators and Probate Lawyers" dated October 16, 2011;

- transcript of proceedings in Waterbury Probate Court *In the Matter of Emily Membrino* on November 19, 2012;
- photocopy of Conn. Gen. Stat. 45(a)-109 (2012); and
- order from Waterbury Probate Court *In the Matter of Emily Membrino* ordering an investigation into the potential merits of bringing a lawsuit on the conservatorship's behalf, dated February 16, 2017;

- [Doc. # 100]: transcript of July 1, 2021 oral argument on Defendant's motion to dismiss;
- [Doc. # 103]:
  - invoices for attorney bills paid by Conrad Membrino from 2012-2018;
  - a fax to Judge Anthony of the Waterbury Probate Court dated October 29, 2018;
  - request for production and interrogatory responses filed November 13, 2021);
- [Doc. # 106]: deposition transcript of Detective Michael Slavin in *Conrad Membrino v. Ralph Membrino*, No. UWYcv175019561, taken October 28, 2019.

Plaintiffs make no claim that any of these proposed supplemental documents constitute "new" evidence, even acknowledging in four instances that the information or document was available at the time of summary judgment and was omitted in error.[1] The

---

[1] *See* [Doc. 86] (offering an affidavit because pages were "left out of" its prior filing); [Doc. # 103] (Exhibit 1 and 2, which were "part of Membrino's Interrogatory exhibit/evidence under oath that was never submitted by Plaintiffs Attorney," and Exhibit 3, which "should have been submitted with his interrogatories under oath."); [Doc. # 106] (stating that the exhibit is "referenced in Plaintiff Membrino's Interrogatories already on the Record.")).

content of these documents, however, would not have affected the outcome of the summary judgment ruling.

Since Plaintiffs have not shown the availability of any new evidence, they have not shown good cause to grant the motions to supplement, and the motions are denied.

**B.     Motions to Compel**

Plaintiffs also move to compel production of documents responsive to two subpoenas they previously sought to issue in their July 2018 criminal case in Waterbury Criminal Court. The subpoenas are no longer valid because discovery in this case closed on July 21, 2021 (*see* [Doc. # 94] at 5-6); the underlying 2018 criminal action for which the subpoenas were issued has been dismissed (*see* [Doc. # 94] at 1); and one subpoena was filed but never issued by the Waterbury Criminal Court clerk's office ([Doc. # 93] at 19).[2] Further, the subpoenas were applied for in Waterbury Criminal Court, but Plaintiffs never enforced them there. Rather, Plaintiffs now seek to have *this* Court enforce the *Waterbury Criminal Court's* subpoena, which is prohibited by Fed. R. Civ. P. 45's requirement that a subpoena be issued "from the court for the district in which the production is to be made." *In re Ramaekers*, 33 F. Supp. 2d 312, 316 (S.D.N.Y.1999).

Plaintiffs' motions to compel [Doc. # 83 and 84] are denied. Probate Defendants' motion for an extension of time to respond to the motions to compel [Doc. # 104] is denied as moot.

**C.     Motion for Reconsideration**

Finally, the Motion for Reconsideration fails to comply with Local Rule 7(a)(5), which states "memoranda shall be double-spaced (except headings, footnotes, and block quotes)

---

[2] The Plaintiffs admit they received confirmation in at least one instance that the material they sought to subpoena does not exist. ([Doc. # 94] at 3 (acknowledging that the Probate Attorney confirmed that "there is no video surveillance of the incident."))

and shall be no more than forty (40) 8 1/2" by 11" printed pages, exclusive of pages containing a table of contents, table of statutes, rules or the like. . .," and Local Rule 10, which states that "[p]leadings shall be double-spaced, on 8-1/2" by 11" pages *with left and right margins of at least 1"*." (emphasis added). The Court granted Plaintiffs leave to exceed the Rule 7(a)(5) 40-page limit and to file a 50-page supporting memorandum [Doc. # 83]. All other requirements of Rule 7(a)(5) and Rule 10 remained in place. However, Plaintiffs exceeded this 50-page limit by using .5" margins throughout. If the margins had conformed to the required 1", the memorandum would have been approximately 8 pages over the limit. Although the Court recognizes the Plaintiffs are self-represented, their attempt to skirt the already-extended 50-page limit by reducing the side margins is unacceptable.

**II.     Conclusion**

Thus, Plaintiffs' motion for reconsideration [Doc. # 84] is DENIED without prejudice to refile by October 28, 2022, in compliance with Local Rules 7(a)(5) and 10. Defendants' responses shall be filed by November 11, 2022. Plaintiffs' motions to supplement the record, [Doc. # 85, 86, 100, 103, and 106], are DENIED. Plaintiffs' motions to compel [Doc. # 93, 94] are DENIED, and Defendant's motion for an extension of time to respond [Doc. # 104] is DENIED as moot.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17 day of October, 2022